IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

FILED IN OPEN COURT
SEP 0 5 2007
BY: ___

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CR-07-221F |
| ) | No. _____ |
| -vs- ) | |
| ) | |
| PREPAID PLUS, INC., ) | |
| ) | |
| Defendant. ) | |

## PLEA AGREEMENT

### Introduction

1. This document contains the entire plea agreement between defendant, **PREPAID PLUS, INC.**, and the United States through its undersigned attorney. No other agreement or promise exists, nor may any additional agreement be entered into unless in writing and signed by all parties. Any unilateral modification of this agreement is hereby rejected by the United States. This agreement applies only to the criminal violations described and does not apply to any civil matter or any civil forfeiture proceeding except as specifically set forth. This agreement binds only the United States Attorney's Office of the Western District of Oklahoma and does not bind any other federal, state or local prosecuting, administrative or regulatory authority. If defendant does not accept the terms of this agreement by August 13, 2007, the offer is withdrawn.

### Guilty Plea

2. Defendant agrees to enter a plea of guilty to a single-count Information charging structuring transactions to evade reporting requirement in violation of Title 31, United States Code, Sections 5324(a)(1) and 5324(d)(1). To be found guilty of violating 31 U.S.C. § 5324, as charged in the Information, defendant must admit that it: 1) knowingly and willfully, and for the purposes of evading the reporting requirements of 31 U.S.C. § 5313(a) and the regulations promulgated thereunder, 2) caused and attempted to cause, 3) a domestic financial institution, 4) to fail to file a Cash Transaction Report with the Internal Revenue Service, 5) in connection with the receipt of United States Currency in excess of $10,000.00.

### Maximum Penalty, Restitution and Special Assessments

3. The maximum penalty that could be imposed as a result of this plea is probation for five (5) years (pursuant to 18 U.S.C. §§ 3561-63 and USSG §§8D1.2-8D1.4), a fine of $500,000.00, as well as a mandatory special assessment of $400.00.

4. Defendant agrees to pay the special assessment due the United States to the Office of the United States Court Clerk immediately following sentencing. Defendant understands that any fine ordered by the Court is immediately due unless the Court provides for payment on a date certain or in installments.

5. The parties agree that, as a condition of this plea agreement, the defendant will remove its business from ^and divest itself of all assets in the State of Oklahoma (including any business through BGI, Inc., related to the gaming industry and sweepstakes machines) and will resolve any tax issues

*[handwritten initials: SPC 8/22/07]*

2

deriving from its business in Oklahoma. Defendant further agrees to comply will all federal regulations including regulations of the Internal Revenue Service, the Bank Secrecy Act, and the Securities Exchange Commission. Forfeiture is agreed as discussed below. The defendant and BGI, Inc., will administer a compliance and ethics plan as described in Attachment A (to be in place at the time of sentencing) to assure compliance with these regulations. The defendant (in coordination with BGI, Inc.), in addition to the terms in Attachment A, will, if required by the Court or Probation Officer, make periodic reports concerning its financial condition, business operations, and implementation of its compliance program. BGI, Inc., agrees to the term of this plea agreement as stated in Attachment B.

## FORFEITURE

A.  Defendant agrees to forfeit to the United States voluntarily and immediately all of its right, title and interest to $892,054.14 in currency previously seized, and any interest attributable thereto, which is property involved in structuring and subject to forfeiture pursuant to 18 U.S.C. § 5317. Defendant agrees that neither it, nor BGI, Inc., will assert a claim to this currency.

B.  Defendant knowingly and voluntarily waives its right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding, and further waives any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture or disposition of assets by the United States, the State of Oklahoma or its subdivisions.

C.  Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with the forfeiture provided for herein.

D.  Forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

E.  The United States agrees to waive its right to proceed against any remaining assets not identified in this agreement.

F.  Defendant agrees not to file a claim to the seized property in any civil proceeding, administrative or judicial, which may be initiated against the seized property and waives any time requirements with regard thereto.

G.  Defendant hereby waives its right to notice of any forfeiture proceeding involving the listed property, and agrees not to file a claim or assist others in filing a claim in that forfeiture proceeding.

H.  In the event any claim is successfully made by third parties to any of the assets listed above, defendant agrees to forfeit substitute assets equal in value to those assets claimed by third parties.

## Sentencing Guidelines

6.  The parties acknowledge that 18 U.S.C. § 3553(a), directs the Court to consider certain factors in imposing sentence, including the Sentencing Guidelines promulgated by the United States Sentencing Commission. Consequently, although the parties recognize that the Sentencing Guidelines are only advisory, they have entered into

4

certain stipulations and agreements with respect to the Guidelines. Based upon the information that is known to the parties on the date this agreement is executed, they expect to take the following positions at sentencing: the parties agree that the offense level for defendant's crime is level 6 pursuant to USSG § 2S1.3(b)(3). The parties agree defendant should receive a 2-level downward adjustment for acceptance of responsibility pursuant to USSG §3E1.1(a), if it commits no further crimes and fully complies with all of the other terms of this agreement. The parties agree that the defendant shall pay a fine of $100,000.00 at sentencing.

The parties have entered into this plea agreement under the provisions of Rule 11(c)(1)(B). Defendant also acknowledges and understands that the Court is not bound by, nor obligated to accept, these stipulations, agreements, or recommendations of the United States or defendant. And, even if the Court rejects one or more of these stipulations, agreements, or recommendations, that fact alone would not allow defendant to withdraw its plea of guilty. It is the expectation of the United States that its criminal investigation of defendant's conduct (as opposed to the wrongdoing of others) will cease upon the signing of this plea agreement. However, subject to the terms and conditions of this plea agreement, the United States expressly reserves the right to take positions that deviate from the foregoing stipulations, agreements, or recommendations in the event that material credible evidence requiring such a deviation is discovered during the course of the United States' investigation subsequent to the signing of this agreement or arises from sources independent of the United States, including the U.S. Probation Office.

## Waiver of Right to Appeal and Bring Collateral Challenge

7. Defendant understands that the Court will consider those factors in 18 U.S.C. § 3553(a) in determining its sentence. Defendant also understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum for the offense(s) to which it is pleading guilty. Defendant further understands that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 give it the right to appeal the judgment and sentence imposed by the Court. Acknowledging all this, defendant in exchange for the promises and concessions made by the United States in this plea agreement, knowingly and voluntarily waives its right to:

    a. Appeal or collaterally challenge its guilty plea, sentence, restitution ordered, forfeiture, and any other aspect of its conviction, including but not limited to any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues;

    b. Appeal, collaterally challenge, or move to modify under 18 U.S.C. § 3582(c)(2) or some other ground, its sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the advisory guideline range determined by the Court to apply to this case. Defendant acknowledges that this waiver remains in full effect and is enforceable, even if the Court rejects one or more of the positions of the United States or defendant set forth in paragraph 6.

   c. It is provided that defendant specifically does not waive the right to appeal a sentence above the advisory sentencing guideline range determined by the Court to apply to this case.

  8. The United States agrees to waive its right under 18 U.S.C. § 3742 to appeal the sentence imposed by the Court and the manner in which the sentence was determined, provided defendant's sentence is within the advisory guideline range determined by the Court to apply to this case. By this agreement, the United States specifically does not waive its right to appeal a sentence below the advisory sentencing guideline range determined by the Court to apply to this case.

### Waiver of Claim to Prevailing Party Status

  9. Defendant expressly acknowledges that it is not a "prevailing party" within the meaning of 18 U.S.C. § 3006A with respect to the count of conviction or any other count or charge that may be dismissed pursuant to this agreement. If defendant is represented by retained counsel, it voluntarily, knowingly, and intelligently waives any rights it may have to seek reasonable attorney's fees and other litigation expenses under 18 U.S.C. § 3006A.

### Obligations of Defendant

  10. It is understood by the parties that no statements made by defendant subsequent to and in response to this agreement will be used directly against it in any subsequent criminal proceeding, except in a prosecution for perjury or a false-statement offense. This restriction does not affect the rights and obligations of the United States, as stated herein, concerning the prosecution of the instant charged offenses.

11. It is understood that, should defendant commit any further crimes or should it be determined that it has otherwise violated any provision of this agreement, the United States may declare this agreement null and void and prosecute defendant for any and all its federal criminal violations, including perjury and obstruction of justice. Any such prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement may be brought against defendant, notwithstanding the expiration of the statute of limitations between the signing of this agreement and the commencement of such prosecution. Defendant hereby waives all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this agreement is signed.

## The Obligations of the United States

12. If defendant enters a plea of guilty as described above and fully meets all obligations under this agreement, it will not be further prosecuted by the United States for any crimes related to its participation in the Western District of Oklahoma in structuring monetary transactions or violating the Internal Revenue Code as it relates to such structuring conduct during the period 2004-2006. This agreement does not provide any protection against prosecution for any crime not specifically described above.

13. It is understood that the sentence to be imposed upon defendant is within the sole discretion of the Court. The United States does not make any promise or representation as to what sentence defendant will receive. The United States reserves the right to inform the Probation Office and the Court of the nature and extent of defendant's activities with

respect to this case and all other activities of defendant which the United States deems relevant to sentencing.

### Signatures

14. By signing this agreement, defendant acknowledges that it has discussed its terms with its attorney and understands and accepts those terms. Further, defendant acknowledges that this document contains the only terms of the agreement concerning its plea of guilty in this case, and that there are no other deals, bargains, agreements, or understandings which modify or alter these terms.

Dated this __22nd__ day of __August__, 2007.

APPROVED:

JOHN C. RICHTER
United States Attorney

_____
KERRY A. KELLY
Chief, Criminal Division

_____
SUSAN DICKERSON COX
Assistant U.S. Attorney
Western District of Oklahoma
210 W. Park Avenue, Suite 400
Oklahoma City, Oklahoma 73102
(405) 553-8740 (Office)
(405) 553-8888 (Fax)

_____ CEO
PREPAID PLUS, INC.

_____
GERALD H. GOLDSTEIN
CYNTHIA E. ORR
Attorneys For Defendant

9

## ATTACHMENT A
## TO PLEA AGREEMENT

### COMPLIANCE AND ETHICS PLAN

1.  Prepaid Plus, Inc., and its affiliate BGI, Inc., adopt and implement immediately the following Compliance and Ethics Plan to assure that its phone card/sweepstakes operations comply with all federal regulations, including those of the Internal Revenue Service, the Bank Secrecy Act, and the Securities and Exchange Commission:

    (a) All employees will be trained in the legal method of making business deposits of income to assure that the business does not engage in structuring activity in violation of 31 U.S.C. § 5324;

    (b) The business will not engage in any activity prohibited by the law of the state in which it operates;

    (c) All income of the business will be accurately reported;

    (d) Deposits of income will be made in compliance with 31 U.S.C. § 5324; and

    (e) The business will accurately complete all securities filings as required by federal regulation by the Securities and Exchange Commission.

2.  Prepaid Plus, Inc., and its affiliate BGI, Inc., agree that for a period of three years the business will retain, at its own expense, an independent auditor (approved by the

10

ATTACHMENT A TO PLEA AGREEMENT
Compliance and Ethics Plan
Page 2

United States Attorney for the Western District of Oklahoma) who shall review the books and records of the business to assure that compliance with the terms of Paragraph 1 are met.

3.  The independent auditor shall immediately report any violations of 31 U.S.C. § 5324 to the United States Attorney's Office for the Western District of Oklahoma and the United States Probation Office. For purposes of this report, Prepaid Plus, Inc. and its affiliate BGI, Inc., waive any privilege to disclosure of this information.



August 21, 2007

John C. Richter
United States Attorney
Western District of Oklahoma
210 W. Park Avenue, Suite 400
Oklahoma City, OK 73102

      RE:    Prepaid Plus, Inc., Plea Agreement

Dear Mr. Richter:

BGI, Inc., hereby agrees to abide the terms of the plea agreement dated August 21, 2007, between the United States and Prepaid Plus, Inc., particularly as it relates to the implementation of a compliance plan and the forfeiture of $892,054.14 seized from accounts held in the name of BGI, Inc.

Sincerely,

*[signature]*

Reid Funderburk
CEO

2311 West Rundberg Lane, Suite 175, Austin, Texas 78758, 512-335-0065, 512-335-0078 Fax